Mary Anne HEDRICH, Plaintiff-Appellant,

v.

BOARD OF REGENTS OF the UNIVERSITY OF WISCONSIN
SYSTEM, Defendant-Respondent.†

Court of Appeals

*No. 00–2002. Submitted on briefs August 3, 2001.—Decided
September 19, 2001.*

**2001 WI App 228**

(Also reported in 635 N.W.2d 650.)

† Petition to review denied 12-17-01.

204

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Jeffrey P. Sweetland* and *Thomas Nelson* of *Shneidman, Myers, Dowling, Blumenfield, Ehlke, Hawks & Domer* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Richard Briles Moriarty*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Nettesheim, P.J., Brown and Snyder, JJ.

¶ 1. SNYDER, J. Mary Anne Hedrich appeals from a circuit court order granting the Board of Regents of the University of Wisconsin's (Board) motion to

dismiss her petition for Wis. Stat. ch. 227 (1999–2000)[1] review of the denial of her tenure application. Hedrich argues that the circuit court erred when it held that her petition was not filed in a timely manner pursuant to Wis. Stat. § 227.53. We agree. We reverse the order of the circuit court and remand this matter for proceedings consistent with this opinion.

## FACTS[2]

¶ 2. For the purposes of this appeal, we assume the factual allegations in the amended petition to be true. In 1995, Hedrich was a non-tenured assistant professor in the Department of Health, Physical Education, Recreation and Coaching (Department) at the University of Wisconsin-Whitewater (Whitewater). On October 16, 1995, Hedrich was informed that the Department would consider whether to recommend her for tenure on December 4, 1995; the areas to be evaluated included "research," which is defined by Whitewater's Faculty Personnel Rules (Rules) as works already submitted for peer review or "in the process of completion, provided they are so far advanced as to be capable of being evaluated."

---

[1] All statutory references are to the 1999–2000 version unless otherwise noted.

[2] Neither party has provided in the briefs on appeal acceptable and consistently accurate citations to the record to corroborate the facts set out in those briefs. An appellate court is improperly burdened where briefs fail to properly and accurately cite to the record. *See Meyer v. Fronimades*, 2 Wis. 2d 89, 93–94, 86 N.W.2d 25 (1957). We therefore hold the parties to those facts undisputed in their briefs. The parties will not be heard on reconsideration to challenge facts that this court properly gleaned from briefs without accurate citation to the pagination contained in the record.

¶ 3. In support of her tenure candidacy, Hedrich provided the Department with manuscripts of four articles she had submitted for publication to national academic journals but not yet published. On December 18, 1995, tenured members of the Department recommended against granting Hedrich tenure, rating her research below average and her teaching and service as above average. Hedrich was notified of the Department's decision on January 16, 1996.

¶ 4. Two days later, on January 18, 1996, Hedrich asked for reasons for the decision. She was told it was because of her lack of published articles in any peer review journals. University officials acknowledged Hedrich's four submitted articles, but maintained that none had yet been accepted for publication.

¶ 5. The Rules allow a faculty member whose department has recommended against tenure several opportunities for relief. After delivery of the notice of nonrenewal, the faculty member may request the reasons for the anti-tenure recommendation. After reviewing the reasons provided, the faculty member may request reconsideration of the decision. If reconsideration is denied, the department must deliver to the faculty member a copy of the decision report, a copy of the record of the first review and the record of the reconsideration. After receiving this report, the faculty member may appeal the department's decision to a university review committee of the Faculty Senate.

¶ 6. After receiving the reasons for the original negative recommendation, Hedrich asked the Department to reconsider its decision. The Department affirmed its previous decision on February 21, 1996. However, Hedrich was not provided with a copy of the record of the first review or the record of reconsideration.

¶ 7. Hedrich then filed a notice with the Department that she was appealing its nonrecommendation for tenure. The Faculty Senate's Grievance and Hearing Committee appointed an appeals panel (Panel) to consider Hedrich's appeal. The Panel requested the record of review and other documents, but apparently the Department did not provide the Panel with all of the documents; specifically absent were the four scholarly manuscripts under consideration with peer review journals. In response to the Panel's investigation, the Department chair acknowledged that Hedrich's four manuscripts had been available at the tenure reconsideration hearing.

¶ 8. On June 14, 1996, the Panel issued a report indicating that Hedrich's manuscripts should have been considered in the Department's decision-making process and that the Department's decision to recommend against tenure was inconsistent with university policy. The Panel also decided that any referral back to the Department "would serve no useful purpose" and retained jurisdiction of the appeal pending its final resolution.

¶ 9. On October 25, 1996, the Panel issued a supplemental report, stating that the Department's evaluation of Hedrich was inconsistent with the performance criteria adopted by the Department and stated in the University Handbook because it failed to consider her four manuscripts. The Panel determined that the Department's decision to deny tenure constituted "improper consideration," contrary to Wis. ADMIN. CODE § UWS 3.08(1)(c)2. Again, the Panel retained jurisdiction of the appeal pending final resolution.

¶ 10. Hedrich then asked that the Faculty Senate Executive Committee (Executive Committee) empanel a credential review committee, pursuant to Wis.

STAT. § 36.13(2)(b)3, to conduct an independent evaluation of her qualifications. The Executive Committee would review the record of both the Department's original decision and reconsideration decision. However, the Department forwarded only a portion of the record and did not include any of the four manuscripts Hedrich had provided, asserting that it had lost all four of the manuscripts.

¶ 11. The chairman of the Executive Committee asked Hedrich to submit a copy of everything she had provided the Department in support of her initial review and reconsideration. Hedrich had not retained copies of the manuscripts submitted to the Department and instead submitted updated and revised drafts of the same manuscripts. The chairman of the Executive Committee found these manuscripts to be unacceptable substitutes for the originals. A credential review committee was appointed on October 5, 1997, composed of three persons from Whitewater (including the credential review committee chair) and two persons from the University of Wisconsin-LaCrosse. The credential review committee was required to render a decision within thirty days, answering the following questions:

> Do the academic qualifications and credentials satisfy all relevant credential requirements at UW-Whitewater?
>
> Does the appellant's professional performance satisfy the performance standards for tenure as defined by UW-Whitewater Faculty Personnel Rules?

The credential review committee was informed about the four lost manuscripts and the revised versions of them, but was told that "since these are not the same documents that the department had when making its

decision, it was inappropriate for the Faculty Senate Executive Committee to forward them to your committee."

¶ 12. In the meantime, because the Department had recommended nonrenewal during the 1995–96 academic year, 1996–97 was Hedrich's final year. Hedrich's employment at Whitewater had ended in the summer of 1997, prior to the convening of the credential review committee.

¶ 13. Hedrich was not allowed to provide the credential review committee with copies of her manuscripts. The credential review committee never met as a collective body; instead, the credential review committee chair consulted with the two other Whitewater members on October 20, 1997. One supported granting tenure, while the other did not. The credential review committee chair then consulted the LaCrosse members individually via telephone. Both LaCrosse members voted to deny tenure. On November 5, 1997, the credential review committee chair reported that the credential review committee had voted 4–1 against granting tenure.

¶ 14. On April 7, 1998, Hedrich filed a petition in Walworth County Circuit Court asking the court to review Whitewater's handling of her tenure application. Specifically, she sought review of the credential review committee's November 5, 1997 recommendation against tenure. In her original petition, Hedrich sought judicial review pursuant to Wis. Stat. § 227.52 or, in the alternative, a writ of certiorari. Hedrich filed an amended petition for Wis. Stat. ch. 227 review on July 24, 1998.

¶ 15. In her amended petition, Hedrich abandoned her claim for certiorari relief and only sought judicial review under Wis. Stat. § 227.52. She asked for

a determination that the Department's failure to keep her four manuscripts in her file, combined with the credential review committee's refusal to accept revised copies of these manuscripts in lieu of the earlier lost manuscripts, constituted a material error in procedure and a failure to follow prescribed procedures. In lieu of an answer, the Board filed a motion to dismiss alleging lack of subject matter jurisdiction and for lack of a reviewable final agency decision; the Board alleged that Hedrich had failed to file her petition in a timely manner. On January 7, 1999, the circuit court denied the Board's motion, concluding that the credential review committee's decision was a final agency decision.

¶ 16. The Board then sought reconsideration of the denial of its motion, realleging untimeliness. On June 8, 2000, the circuit court dismissed Hedrich's petition for lack of subject matter jurisdiction, holding that Hedrich's petition was not filed within thirty days as required by WIS. STAT. § 227.53(1)(a)2. Hedrich appeals the order dismissing her petition.

## DISCUSSION

¶ 17. The facts relevant to the interpretation and application of a statute are those alleged in Hedrich's pleading which, for purposes of deciding a motion to dismiss, we take as true. *Varda v. Gen. Motors Corp.*, 2001 WI App 89, ¶ 7, 242 Wis. 2d 756, 626 N.W.2d 346. Whether the facts alleged in the petition state a claim for relief presents a question of law subject to our de novo review. *Id.* In addition, the question before us, whether WIS. STAT. § 227.53(1)(a)2 applies to Hedrich's petition, is largely one of statutory interpretation and again subject to de novo review. *Collins v. Policano*, 231 Wis. 2d 420, 426, 605 N.W.2d 260 (Ct. App. 1999).

¶ 18. Hedrich argues that because she has not petitioned from a decision in a contested case, the thirty-day deadline of Wis. Stat. § 227.53(1)(a)2 should not apply; instead, she argues, her petition was subject to a six-month statute of limitations period. The Board argues that any petition for Wis. Stat. ch. 227 review must be filed with thirty days of the decision denying Hedrich tenure. We agree with Hedrich.

¶ 19. Here, a credential review committee convened pursuant to Wis. Stat. § 36.13(2)(b)3 and voted 4–1 against granting Hedrich tenure. Because this case deals with a denial of tenure, *Collins* comes very close to directly governing this case and provides the proper framework for an analysis of Hedrich's claim.

¶ 20. Generally, a state agency's administrative decision which adversely affects the substantial interests of any person is subject to judicial review under Wis. Stat. ch. 227. Wis. Stat. § 227.52; *Collins*, 231 Wis. 2d at 427. To obtain judicial review of an agency decision, an aggrieved individual must serve a petition for review upon the agency and file it with the circuit court. Wis. Stat. § 227.53(1)(a)2; *Collins*, 231 Wis. 2d at 427. Two broad types of administrative decisions are reviewable under ch. 227—those that arise out of "contested cases" and those that do not. *Collins*, 231 Wis. 2d at 427.

¶ 21. A "contested case" is an agency proceeding in which the assertion by a party of any substantial interest is denied or challenged by another party and in which, after a hearing required by law, a substantial interest of a party is determined or adversely affected by a decision or order. Wis. Stat. § 227.01(3); *Collins*,

213

231 Wis. 2d at 427. Accordingly, a contested case proceeding typically involves two or more clearly identified adverse parties, in addition to some type of fact-finding by an agency decision maker. *Collins*, 231 Wis. 2d at 427. Examples include rate making, the granting or denying of a license, and an agency's imposition of sanctions on a regulated entity. Sec. 227.01(3)(a), (b); *Collins*, 231 Wis. 2d at 427. The denial of tenure by a university does not entitle the dissatisfied faculty member to a contested case proceeding. *Collins*, 231 Wis. 2d at 428.

¶ 22. The circuit court dismissed Hedrich's petition for review of the denial of tenure as untimely pursuant to WIS. STAT. § 227.53(1)(a)2. Section 227.53(1) addresses parties and proceedings for review and states, in relevant part:

> Except as otherwise specifically provided by law, any person aggrieved by a decision specified in s. 227.52 shall be entitled to judicial review of the decision as provided in this chapter and subject to . . . all of the following procedural requirements:
>
> (a) . . . .
>
> 2. Unless a rehearing is requested under s. 227.49, petitions for review under this paragraph shall be served and filed within 30 days after the service of the decision of the agency upon all parties under s. 227.48. If a rehearing is requested under s. 227.49, any party desiring judicial review shall serve and file a petition for review within 30 days after service of the order finally disposing of the application for rehearing, or within 30 days after the final disposition by operation of law of any such application for rehearing. The 30–day period for serving and filing a petition under this paragraph commences on the day after personal service or mailing of the decision by the agency.

Thus, under § 227.53(1)(a)2, a petition for review must be filed within thirty days after service pursuant to Wis. Stat. § 227.48.[3]

¶ 23. We have previously held that Wis. Stat. § 227.48 applies only to contested cases. *Collins*, 231 Wis. 2d at 434. Because a denial of tenure does not derive from a contested case proceeding, *id.* at 435, § 227.48 is inapplicable.

¶ 24. Hedrich argues that if the denial of tenure does not constitute a contested case and Wis. Stat. § 227.48(2) does not apply to her petition, there is no agency decision under § 227.48 and it logically follows that the thirty-day deadline of Wis. Stat. § 227.53(1)(a)2 does not apply. We agree.

██

¶ 25. Under Wis. Stat. § 227.53(1)(a)2, the thirty-day limitation period is triggered only by Wis. Stat. § 227.48 service of the decision upon the parties. But § 227.48(2) does not apply to the case at hand. No service upon the parties of the agency decision ever took

---

[3] Wisconsin Stat. § 227.48 states:

(1) Every decision when made, signed and filed, shall be served forthwith by personal delivery or mailing of a copy to each party to the proceedings or to the party's attorney of record.

(2) Each decision shall include notice of any right of the parties to petition for rehearing and administrative or judicial review of adverse decisions, the time allowed for filing each petition and identification of the party to be named as respondent. No time period specified under s. 227.49(1) for filing a petition for rehearing, under s. 227.53(1)(a) for filing a petition for judicial review or under any other section permitting administrative review of an agency decision begins to run until the agency has complied with this subsection.

place, nor was it required to take place. Consequently, nothing occurred to trigger the thirty-day deadline of § 227.53(1)(a)2. By virtue of the reference to § 227.48, the thirty-day deadline of § 227.53(1)(a)2 is inapplicable to noncontested cases. WISCONSIN STAT. ch. 227 fails to provide another limitation period for noncontested cases. As we stated in *Collins*, we can think of no reason why the six-month default limitation period for review of administrative decisions by certiorari should not also be the default limitation period within which a petition for review under ch. 227 must be filed. *Collins*, 231 Wis. 2d at 437. Because there is no statutory limitation period for noncontested cases, we hold that a six-month default limitation period is appropriate.

¶ 26. On November 5, 1997, the credential review committee reported that it had voted 4–1 against granting Hedrich tenure. A six-month period of limitation would thus have expired on May 5, 1998. Hedrich filed her petition for review of the credential review committee decision on April 7, 1998, within the default six-month limitation period. Her petition was timely filed.[4]

---

[4] The Board also relies on *Kammes v. Mining Investment & Local Impact Fund Board*, 115 Wis. 2d 144, 340 N.W.2d 206 (Ct. App. 1983), in support of its arguments. This reliance on *Kammes* is misplaced. In *Kammes*, the citizen respondents petitioned the circuit court for review within thirty days after the board had denied a motion for reconsideration. *Id.* at 149. The board argued that the petition was untimely under the twenty-day requirement of then WIS. STAT. § 227.12. *Kammes*, 115 Wis. 2d at 149. We held that the twenty-day deadline did not apply because the administrative proceeding was not a contested case hearing, and thus the petition was timely under the thirty-day provision of then WIS. STAT. § 227.16(1)(a). *Kammes*, 115 Wis. 2d at 149–50. Here, the Board relies on this statement in support of its argument for a thirty-day deadline. However,

¶ 27. The Board also argues that Hedrich is precluded from relitigating the denial of tenure issue because of the disposition in previous litigation.[5] We disagree.

¶ 28. Previously, Hedrich had filed a complaint with the Personnel Commission of the State of Wisconsin alleging that the decision to deny her tenure was improperly based upon her age, sex and sexual orientation. The Personnel Commission determined that Hedrich knew no later than May 24, 1997, that her request for tenure had been denied. The Board argues that Hedrich cannot now relitigate this issue and assert that she was denied tenure on November 5, 1997, by the credential review committee. The Board mischaracterizes the issue in both this action and the action before the Personnel Commission.

¶ 29. Hedrich had filed a complaint with the Personnel Commission alleging discrimination in the terms and conditions of her employment and in the denial of her request for tenure. Hedrich's first appeal focused on this complaint of age, sex and sexual orientation discrimination under Wisconsin's Fair Employment Act.

¶ 30. The action before us now is a WIS. STAT. ch. 227 proceeding for judicial review of the November 5, 1997 decision of the credential review committee. While the Personnel Commission is empowered to receive, process and investigate complaints of discrimination in a state agency's workforce, WIS. STAT. § 230.45(1)(b), a

---

our holding in *Kammes* was not provided in response to any challenge to the thirty-day deadline. In sum, in *Kammes*, no one disputed the application of the thirty-day deadline. *Kammes* does not apply to the situation at hand.

[5] *Hedrich v. Pers. Comm'n of Wis.*, No. 00–0305, unpublished slip op. (WI App Sept. 13, 2000).

credential review committee is authorized to review the negative recommendation of an academic department to determine if the recommendation was based upon impermissible factors. WIS. STAT. § 36.13(2)(b)2. These are two distinct proceedings with different objectives and different procedures. The issue here is whether the credential review committee acted in accordance with § 36.13(2)(b)3, an issue that was not addressed in Hedrich's previous appeal. Hedrich is not relitigating an issue that was previously addressed by the Personnel Commission.

## CONCLUSION

¶ 31. We agree with Hedrich that her petition for WIS. STAT. ch. 227 review of her noncontested case proceeding was filed in a timely manner. In addition, we agree that the propriety of the credential review committee's procedures and decision has not been addressed in previous litigation. We therefore reverse the order of the circuit court and remand this matter for proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded.